Louis A. Karasik (Cal. Bar # 100672)
Alston & Bird LLP
333 South Hope Street, 16th Floor
Los Angeles, CA  90071-3004
Telephone:   (213) 576-1148
Facsimile:    (213) 576-1100
Email:   lou.karasik@alston.com

Brendan V. Sullivan (*Pro Hac Vice*)
Tobin J. Romero (*Pro Hac Vice*)
Joseph M. Terry (*Pro Hac Vice*)
Jonathan B. Pitt (*Pro Hac Vice*)
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Telephone:   (202) 434-5000
Facsimile:    (202) 434-5029
Email:   jpitt@wc.com

Counsel for Defendants News
Corporation, NI Group Limited f/k/a
News International Limited, News Group
Newspapers Limited

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUNICE HUTHART, | Case No. CV 13-4253 MWF (AJWx) |
| Plaintiff, | Honorable Michael W. Fitzgerald |
| v. | **DEFENDANTS' *EX PARTE* APPLICATION TO CONTINUE MOTION FOR INTERVENTION OF BRAD GREENSPAN PENDING THE COURT'S DETERMINATION ON DEFENDANTS' MOTION TO DISMISS** |
| NEWS CORPORATION, NI GROUP LIMITED f/k/a NEWS INTERNATIONAL LIMITED, NEWS GROUP NEWSPAPERS LIMITED, and JOHN and JANE DOES 1-10, | |
| Defendants. | [Filed concurrently with Declaration of Louis A. Karasik and [Proposed] Order] |

Date:            TBD
Time:            TBD
Courtroom:      1600

Complaint Filed: June 13, 2013

*EX PARTE* APPLICATION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendants News Corporation, NI Group Limited, and News Group Newspapers Limited (collectively "Defendants") hereby apply *ex parte* to continue the June 30, 2014 hearing on the *pro se* motion to intervene filed on May 2, 2014 by Brad Greenspan ("Greenspan"), pending the Court's determination on Defendants' Motion to Dismiss the underlying action. If the Motion to Dismiss, which presently is under submission after supplemental briefing filed by the parties on March 17, 2014, is granted, Greenspan's intervention motion will be moot.

As set forth more fully in the accompanying Memorandum of Points and Authorities and the Declaration of Louis A. Karasik filed concurrently herewith, a continuance of the hearing and the time for filing any opposition papers by Defendants regarding Greenspan's *pro se* motion will promote judicial economy and avoid potentially unnecessary proceedings to address the many defects apparent on the face of Greenspan's rambling and incoherent pleadings. Greenspan seeks to intervene to air accusations against California State Senators and United States Congressman for allegedly participating in vague, undefined conspiracies with companies such as Google, Yahoo, AOL, JP Morgan and many others, including News Corp., related in some way to News Corp.'s acquisition of MySpace nearly ten years ago. If Defendants' pending Motion to Dismiss is granted, Greenspan's motion to intervene will be moot because there will be no underlying action, and thus no proceeding in which Greenspan might seek to intervene. A postponement may thus avoid the Court having to hear an unnecessary motion and avoid the necessity of Defendants responding to the pleadings submitted by Greenspan, promoting judicial economy for all parties and the Court. A continuance of this matter would not prejudice Greenspan, particularly since he is pursuing substantially similar claims in a lawsuit filed in the Delaware Court of Chancery. In contrast, if Defendants were

*EX PARTE* APPLICATION

required to oppose Greenspan's motion prior to a decision on the Motion to Dismiss, they would be forced to incur fees and costs to detail the many reasons the *pro se* motion fails to state grounds to intervene[1]—costs that would be unnecessary in the event that this Court rules that this case should be dismissed under the doctrine of forum *non conveniens*.

///
///
///
///
///
///
///
///
///

This Application is being made pursuant Local Rule 7-19 and this Court's courtroom procedures and standing order.  Notice of this Application was provided to Plaintiff's counsel by telephone call on May 15, 2014, and Plaintiff's counsel advises that Plaintiff does not joint the *ex parte* and intends to oppose the motion to intervene.  (Declaration of Louis A. Karasik ("Karasik Decl."), ¶ 7.)  The only contact information provided in Greenspan's papers are a mailing address, so Defendants attempted to provide notice of this Application to Greenspan by attempting to hand deliver a letter to that address on May 16, 2014.  (Karasik Decl., ¶

---

[1] Among other things, Greenspan's intervention pleadings violate Federal Rule of Civil Procedure Rule 8, fail to state any coherent much less cognizable claim for relief, lack any nexus to the claims pursued by plaintiff Huthart, consist of rambling allegations of conspiracy untethered to any facts or legal theories and are barred by the statute of limitations and the existence of a pending action in Delaware where Greenspan has filed substantially the same disjointed allegations.

2

*EX PARTE* APPLICATION

8.)  The address provided by Greenspan was a rented mailbox, and we were advised by the proprietor that it was canceled over a year ago for nonpayment.

Dated:  May 19, 2014

ALSTON & BIRD LLP

By:  /s/Louis A. Karasik
     Louis A. Karasik (Bar # 100672)

*Counsel for Defendants News Corporation, NI Group Limited f/k/a News International Limited, News Group Newspapers Limited*

WILLIAMS & CONNOLLY LLP

By:  /s/Brendan V. Sullivan
     Brendan V. Sullivan (*pro hac vice*)
     Tobin J. Romero (*pro hac vice*)
     Joseph M. Terry (*pro hac vice*)
     Jonathan B. Pitt (*pro hac vice*)

*Counsel for Defendants News Corporation, NI Group Limited f/k/a News International Limited, News Group Newspapers Limited*

*EX PARTE* APPLICATION

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendants News Corporation, NI Group Limited, and News Group Newspapers Limited (collectively "Defendants") make this *Ex Parte* Application in order to avoid the premature and potentially unnecessary briefing and consideration of a frivolous *pro se* motion to intervene filed by Brad Greenspan.  Specifically, Defendants seek a continuance of the motion to intervene until such time as the Court rules on Defendants' Motion to Dismiss the underlying action, which, if granted,  would render moot Greenspan's motion to intervene and spare the Court and the parties from the burden of considering and briefing Greenspan's meritless and unintelligible motion.

Plaintiff Eunice Huthart ("Huthart" or "Plaintiff") filed her complaint on June 13, 2013.  The suit concerns allegations of voicemail hacking that occurred in the United Kingdom.  Defendants filed a Motion to Dismiss Huthart's complaint on September 20, 2013.[2]  (See Declaration of Louis A. Karasik ("Karasik Decl."), ¶ 2.)  The Motion to Dismiss came on for hearing on February 24, 2014.  (*Id.*)  Supplemental briefing related to the issue of forum *non conveniens*—and specifically whether Huthart could bring her claims in England—was ordered on February 25, 2014 and was concluded in March 2014.  (*Id.*)   The matter remains under submission.

*Pro se* litigant Greenspan filed a purported motion to intervene and related papers on May 2, 2014.[3]  His pleadings were served on counsel for Defendants in

---

[2] Defendants' Motion to Dismiss refers to the Motion to Dismiss Case Under FRCP Rules 12(b)(2), 12(b)(6) and for Forum Non Conveniens and supporting papers filed by Defendants on September 20, 2013.  *See Huthart v. News Corporation et al.*, Case No. CV 13-4253 MWF (AJWx), Dkt. No. 41.

[3] Greenspan's motion papers consist of a Notice of Motion to Intervene (Dkt. No. 61), a Memorandum in Support (Dkt. No. 62), Declaration of Brad Greenspan in Support (Dkt. No. 63), and a Proof of Service by Mail (Dkt. No. 64), all filed on May 2, 2014.  Greenspan additionally served on Defendants' local counsel a proposed

*(cont'd)*

*EX PARTE* APPLICATION

Los Angeles, but not on Defendants' lead counsel, the Williams & Connolly firm in Washington, D.C. (Karasik Decl., ¶ 3.)  The matter has been set for hearing on June 30, 2014.

Greenspan's motion to intervene has nothing to do with Huthart's complaint. Greenspan does not allege he is the victim of any voicemail hacking or any allegedly wrongful conduct by Defendants similar to that complained of by Huthart.  (Karasik Decl., ¶ 4.)  Rather, Greenspan appears to allege, though the incoherent nature of his allegations makes it difficult to discern, that he has been harmed by a vast conspiracy involving everything from allegedly wrongful employment practices by technology companies like Google, Intel and Yahoo to the bribery of and misconduct by California State Senators and United States Congressmen.  The intervention papers advance convoluted claims that all of this misconduct is related in some fashion to News Corp.'s acquisition in 2005 of Intermix Media Inc., which owned and operated several websites including MySpace. (*See* Exh. A to Karasik Decl., Greenspan's Complaint in Intervention at 3:20-67:24.)  This is not the first time Greenspan has filed claims on that subject: Greenspan was the founder of E-Universe, the predecessor of Intermix; his claims challenging News Corp.'s acquisition of MySpace and several other attempts to raise challenges to that transaction have been dismissed over the years by both state and federal courts. The first dismissal of Greenspan's challenges to the MySpace transaction was in 2006. *See Greenspan v. Intermix Media, Inc*., Case No. B196434, 2008 WL 4837565 (Cal. App. Nov. 10, 2008)) (affirming 2006 dismissal of individual and shareholder actions brought by Greenspan challenging the MySpace transaction).  The next attempt to challenge the transaction was rejected in *Brown v. Brewer*, Case No. 2:06-cv-3731 (C.D. Cal.), where the federal court in 2010 dismissed Greenspan as a putative class member

_____

*(cont'd from previous page)*
Complaint in Intervention, attached to the Karasik Declaration, that has not been filed with the Court.

*EX PARTE* APPLICATION

from a shareholder derivative action challenging the merger, and in 2011 denied Greenspan's motion to intervene in that matter.  (Karasik Decl., ¶ 5; Exhibits B and C.)  Though Greenspan's involvement in these matters has been concluded for several years, Greenspan most recently filed a *pro se* complaint on April 22, 2014 in the Delaware Court of Chancery, naming News Corp. and twenty other defendants in a pleading that advances the same or similar conspiracy claims found in the intervention papers, all tied to the acquisition of Intermix in 2005.  *See Greenspan v. News Corp. et al.*, Case No. 9567 (Del. Ch. April 22, 2014).  (Karasik Decl., ¶ 5; Exh. D.)  The apparent purpose of the proposed intervention is to air Greenspan's views that hacking incidents in the UK show that News Corp. has engaged in bad acts—albeit wholly unrelated to those of which he complains.  *See* Dkt. No. 62, Greenspan Memorandum in Support of Motion to Intervene at 5:1-18.

As detailed below, if Defendants' pending Motion to Dismiss is granted, Greenspan's intervention will be moot.  *Ex parte* relief to postpone Greenspan's further pursuit of his incoherent intervention proceeding will promote the interests of judicial economy and avoid potentially unnecessary proceedings.

## II. JUDICIAL ECONOMY IS ACHIEVED BY CONTINUING THE INTERVENTION MOTION BECAUSE GREENSPAN'S MOTION WILL BE MOOT IF THE UNDERLYING ACTION IS DISMISSED

The Court may issue *ex parte* relief extending the time within which an act is required or allowed to be done upon a showing of good cause. Fed. R. Civ. P. 6(b). "Good cause" is broadly construed in a manner that affords the Court broad discretion to manage its calendar. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010); *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (noting that a court has broad discretion in granting continuances).  "[R]equests for extensions of time made before the applicable deadline has passed should normally . . . be granted in the absence of bad faith on the part of the party seeking relief or

prejudice to the adverse party." *Ahanchian*, 624 F.3d at 1259. (internal citations omitted.)  Here, the deadline to oppose Greenspan's intervention has not passed, the applying Defendants have not acted in bad faith, and there is no prejudice to Greenspan.  Good cause exists for a continuance of Greenspan's motion to intervene because it would promote the most efficient use of the Court's and the parties' resources.  A postponement of the matter would give the court time to rule on Defendants' pending motion to dismiss before the parties are forced to incur the cost of responding to Greenspan's convoluted motion.  If Defendants' Motion to Dismiss is granted, Greenspan's intervention would be moot because a prerequisite for intervention is the existence of an underlying action.  *See Hartley Pen Co. v. Lindy Pen Co.*, 16 F.R.D. 141, 146 (S.D. Cal. 1954) ("A pending suit within federal jurisdiction is by definition prerequisite to intervention."); *see also Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003) (intervention inappropriate where underlying claim dismissed).

An application for a continuance of a hearing is the type of routine administrative relief that is particularly appropriate on an *ex parte* basis.  *See In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193-94 (C.D. Cal. 1989) (noting that "legitimate ex parte applications . . . may be necessary when a party seeks a routine order" such as adjusting the hearing date of a motion).  This Motion simply seeks to ensure the proper sequencing of motions.  There is no prejudice to Greenspan from a continuance.  *See Fuller v. Amerigas Propane, Inc.*, C 09-2493TEH, 2009 WL 2390358 at*1 (N.D. Cal. Aug. 3, 2009) (no prejudice in connection with a short delay).  Indeed, there is no possible prejudice to Greenspan, because he does not need to intervene in this matter to raise his assertions:  he has already filed a lawsuit in Delaware advancing these very claims.  Defendants, by contrast, would be significantly prejudiced if forced to respond at this time to Greenspan's motion, especially if Defendants' substantive opposition is mooted by the subsequent

*EX PARTE* APPLICATION

1  dismissal of the case on Defendants' pending Motion to Dismiss.  *See In re Apple*
2  *iPhone 3G Products Liab. Litig.*, C 09-02045 JW, 2010 WL 9517400 at *2 (N.D.
3  Cal. Dec. 9, 2010) (holding that prejudice to defendants and to the court of moving
4  forward with proceedings that could be mooted by other proceedings supported a
5  stay).  And in the event that the Motion to Dismiss is denied, Greenspan's Motion to
6  Intervene may be properly addressed at that time.[4]

7  ///
8  ///
9  ///
10  ///
11  ///
12  ///
13  ///
14  ///
15  ///
16  ///
17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  _____

24  [4] As noted in the *ex parte* application, Plaintiffs intend to oppose Greenspan's
   purported motion, and if opposition is required, Defendants will show that
25  Greenspan's motion fails to state any grounds to intervene, fails to state a cognizable
   claim, is rife with rambling and frivolous allegations of vast conspiracies, seeks to
26  re-litigate Greenspan's oft rejected challenges to News Corp.'s acquisition of
   MySpace almost a decade ago, and is barred by the statute of limitations and by the
27  existence of a pending action in Delaware where Greenspan is advancing the same
   claims that are the subject of the proposed intervention.
28

*EX PARTE* APPLICATION

## III.   <u>CONCLUSION</u>

Good cause exists for a continuance because a postponement of the intervention motion would allow the Court to rule on Defendants' pending Motion to Dismiss without requiring the parties or the Court to expend time and effort to respond to a motion that could be rendered moot.  Defendants respectfully request that this Court postpone any hearing on Greenspan's motion in order to promote judicial economy and minimize prejudice to Defendants.

Dated:  May 19, 2014

ALSTON & BIRD LLP

By:   /s/Louis A. Karasik
     Louis A. Karasik (Bar # 100672)

*Counsel for Defendants News Corporation, NI Group Limited f/k/a News International Limited, News Group Newspapers Limited*

WILLIAMS & CONNOLLY LLP

By:   /s/Brendan V. Sullivan
     Brendan V. Sullivan (*pro hac vice*)
     Tobin J. Romero (*pro hac vice*)
     Joseph M. Terry (*pro hac vice*)
     Jonathan B. Pitt (*pro hac vice*)

*Counsel for Defendants News Corporation, NI Group Limited f/k/a News International Limited, News Group Newspapers Limited*

*EX PARTE* APPLICATION

LEGAL02/34840112v1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 333 South Hope Street, 16th Floor, Los Angeles, CA 90071-1410.

On May 19, 2014, I served the following document(s): EX PARTE APPLICATION  on the following parties in case CV 13-4253 MWF (AJWx)  via either Notice of Electronic Filing generated by the Court's CM/ECF system, pursuant to the Court's local rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


/s/ Louis A. Karasik
Attorney for Defendant

10

*EX PARTE* APPLICATION

# PROOF OF SERVICE

I, Louis A. Karasik, declare:

I am employed in the County of Los Angeles, State of California. My business address is Alston + Bird LLP, 333 South Hope Street, Sixteenth Floor, Los Angeles, CA 90071. I am over the age of eighteen years and not a party to the action in which this service is made.

On May 19, 2014, I served the document(s) described as **EX PARTE APPLICATION** on the interested parties in this action by enclosing the document(s) in a sealed envelope addressed to the parties as listed as follows:

**Brad D. Greenspan**
**264 South La Cienega Blvd.**
**Unit 1216**
**Beverly Hills, CA 90211**

☒ BY MAIL: I am "readily familiar" with this firm's practice for the collection and the processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, the correspondence would be deposited with the United States Postal Service at 333 South Hope Street, Los Angeles, California 90071 with postage thereon fully prepaid the same day on which the correspondence was placed for collection and mailing at the firm. Following ordinary business practices, I placed for collection and mailing with the United States Postal Service such envelope at ALSTON + BIRD LLP, 333 South Hope Street, Los Angeles, California 90071.

☐ [Federal]  I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 19, 2014, at Los Angeles, California.

/s/ Louis A. Karasik
Louis A. Karasik

11

*EX PARTE* APPLICATION

LEGAL02/34840112v1